# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA L. GARCIA, | Case No. 1:22-cv-00632-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |

## I.   INTRODUCTION

On May 25, 2022, Plaintiff Rita L. Garcia ("Plaintiff"), proceeding *pro se*, filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Acting Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.   BACKGROUND

**A.   Procedural History**

On August 11, 2017, Plaintiff protectively filed a claim for DIB payments, and on August

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 10.)

31, 2017, Plaintiff filed a claim for SSI payments. (Administrative Record ("AR") 17, 71, 81, 93, 106, 288–301.) Plaintiff alleged she became disabled on December 31, 2015, due to anemia, high blood pressure, valley fever, arthritis, abnormal mammograms, and scoliosis. (AR 17, 71–72, 81–82, 93–94, 106–07, 121, 130, 288, 298.) Plaintiff was born on June 6, 1975, has at least a high school education, and previously worked as a caretaker. (AR 54, 56–58, 71, 78–79, 88–89, 103–04, 106, 116–17, 288, 298.)

The Commissioner denied Plaintiff's application for benefits initially on December 13, 2017, and again on reconsideration on March 15, 2018. (AR 17, 79–80, 89–92, 104–05, 117–25, 130–35.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 136.) On April 7, 2021, Plaintiff appeared without counsel and testified before an ALJ as to her alleged disabling conditions. (AR 53–64.) A vocational expert ("VE") also testified at the hearing.[2] (AR 64–69.)

On June 16, 2021, the ALJ issued a decision finding Plaintiff not disabled, as defined by the Act. (AR 17–29.) Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 12–13.) Along with her request for review, Plaintiff submitted additional evidence to the Appeals Council, including medical records from M. Rashidi, M.D. dated August 3, 2021. (*See* AR 7–11.)

On March 17, 2022, the Appeals Council denied the request for review (AR 1–6), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 416.1481. The "Notice of Appeals Council Action" denying review sets forth the Appeals Council's finding that the August 3, 2021, medical records from Dr. Rashidi did not "relate to the period at issue," given that the ALJ decided Plaintiff's case through June 16, 2021, the date the ALJ issued the hearing decision. (AR 2.) Thus, the Appeals Council determined that the new evidence did not affect the decision about whether Plaintiff was disabled beginning on or before June 16, 2021. (AR 2.)

**B.     The ALJ's Decision**

In a decision dated June 16, 2021, the ALJ found that Plaintiff was not disabled, as defined

---

[2] As discussed below, because the Court construes Plaintiff's only assertion of error as a request for remand to consider new evidence, the Court does not address Plaintiff's or the VE's testimony at the hearing.

2

by the Act. (AR 17–29.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 20–29.) The ALJ decided that Plaintiff met the insured status requirements of the Act through December 31, 2020, and she had not engaged in substantial gainful activity since December 31, 2015, the alleged onset date (step one). (AR 20.) At step two, the ALJ found Plaintiff's following impairments to be severe: degenerative disc disease with scoliosis, "right long finger trigger finger," and anemia. (AR 20.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 22–23.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). [Plaintiff] can lift and/or carry twenty pounds occasionally and ten pounds frequently. She can stand and/or walk for about six hours total in an eight-hour workday. She can sit for about six hours in an eight-hour workday. She can occasionally kneel, crouch, crawl and climb. She is limited to frequent fingering with her right dominant upper extremity. She can tolerate occasional exposure to work in extreme cold and extreme heat.

(AR 23–28.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause some of the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[3] (AR 24.)

The ALJ found that Plaintiff is capable of performing past relevant work as a care attendant and cleaner/laundry worker, and this work does not require the performance of work-related activities precluded by her RFC (step four). (AR 28.) The ALJ concluded that Plaintiff was not disabled from December 31, 2015, through the date of this decision. (AR 29.)

---

[3] In light of Plaintiff's allegations, the Court need not address Plaintiff's subjective testimony that the ALJ determined was inconsistent with the medical evidence and other evidence in the record.

### III.  LEGAL STANDARD

**A.  Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); *see* 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir.

1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."  *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098).  "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ."  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error."  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner.  *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996).  Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'"  *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir.

1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.     DISCUSSION

Plaintiff's motion for summary judgment raises one claim: a request for the Court to take into consideration attached documentation of her "medical condition and admission to hospital at Good Samaritan on November 7, 2022 and doctors appointments and procedures on November 21, 2022." (Doc. 13 at 1.) Plaintiff requests that the case be remanded for the ALJ's consideration of the new evidence. The Acting Commissioner opposes Plaintiff's request, contending that this new evidence is not material and has no reasonable probability of changing the outcome of the ALJ's decision. (Doc. 16 at 10–14.)

Upon reviewing the documentation attached to Plaintiff's motion for summary judgment, and in light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's motion for summary judgment as a request for remand under Sentence Six of 42 U.S.C. § 405(g) ("section 405(g)"). For the reasons set forth below, the Court agrees with the Acting Commissioner that remand is not warranted.

**A.     Legal Standard**

Sentence Six of section 405(g) provides, in part, that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." "To be material under section 405(g), the new evidence must bear 'directly and substantially on the matter in dispute,'" and the claimant "must additionally demonstrate that there is a 'reasonable probability' that the new

6

evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Id*. at 463.

"If new information surfaces after the [agency's] final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). "The new evidence, however, must be probative of the claimant's condition as it existed at or before the time of the disability hearing." *Abdullah v. Comm'r of Soc. Sec.*, No. 2:17-CV-2522-DMC, 2019 WL 3731528, at *3 (E.D. Cal. Aug. 8, 2019) (citing *Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987)).

**B.      Analysis**

Here, Plaintiff has not shown that the new evidence is material for purposes of section 405(g). The majority of the documentation attached to Plaintiff's filing consists of medical records generated around November 2022, which were not part of the administrative decision below. These records do not relate to the relevant time period under review before the Court, which extends from December 31, 2015, Plaintiff's alleged disability onset date, to June 16, 2021, the date of the ALJ's decision. *See Van Den Heuvel v. Comm'r of Soc. Sec.*, No. 2:13–cv–2187, 2015 WL 502864, at *7 (E.D. Cal. Feb. 5, 2015). Because the new evidence submitted by Plaintiff does not "bear 'directly and substantially'" on the time period considered in the ALJ's decision and is not probative of her impairments as they existed at or before ethe time of the hearing, the Court finds that it is not material. *Mayes*, 276 F.3d at 462; *see, e.g., Nash v. Comm'r of Soc. Sec.*, No. 2:20-cv-104-KJN, 2021 WL 1338820, at *4 (E.D. Cal. Apr. 9, 2021) (finding new evidence immaterial where "the records submitted by plaintiff were generated between January and August of 2020—a time period well after the ALJ issued the decision."); *Abdullah*, 2019 WL 3731528, at *4 (finding new evidence submitted for the first time in federal court immaterial because it post-dated the ALJ's hearing and decision); *Holden v. Astrue*, No. 1:11–cv–00716–SMS, 2012 WL 5948956, at *13 (E.D. Cal. Nov. 28, 2012) (finding medical documentation appended to plaintiff's opening brief addressing the current state of his health did not relate to the period considered in the hearing

7

1 decision, and thus, remand to consider this information was inappropriate).

2 Should Plaintiff believe she can establish changed circumstances, such as new and material
3 changes to her RFC, the appropriate course of action is the filing of a new application for benefits.
4 *Holden*, 2012 WL 5948956, at *13 (citing *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988));
5 *see, e.g.*, *Van Den Heuvel*, 2015 WL 502864, at *7 ("the new medical evidence indicates, at most,
6 deterioration of those impairments after the ALJ's decision.  Such deterioration may well
7 potentially be relevant to a new application for benefits, but it does not bear directly and
8 substantially on the period under review in this case.").  Therefore, the Court finds that remand to
9 consider the new evidence submitted by Plaintiff is not warranted.

10 The remainder of the evidence submitted by Plaintiff consists of documents which were
11 part of the administrative record before the ALJ (*see, e.g.*, Doc. 13 at 10, 47; AR 490, 583) and the
12 August 3, 2021, medical records from Dr. Rashidi submitted for the first time to the Appeals
13 Council (Doc. 13 at 14; AR 9–10).  The Court notes that Plaintiff sets forth no arguments that the
14 Court should reconsider these records.  As the Acting Commissioner contends (*see* Doc. 16 at 10
15 n.6), the ALJ considered the evidence contained in the administrative record in making their
16 decision and even cited to some of the specific evidence resubmitted by Plaintiff.  (*See* AR 24–25.)
17 And, the Appeals Council correctly determined that the August 3, 2021, medical records from Dr.
18 Rashidi did not bear on the relevant time period at issue, given that the ALJ evaluated Plaintiff's
19 case through June 16, 2021 (AR 2).  *See Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228,
20 1233 (9th Cir. 2011); *see also* 20 C.F.R. § 404.970 (the Appeals Council will only consider, *inter*
21 *alia*, "additional evidence that is new, material, and relates to the period on or before the date of
22 the hearing decision").

23 Accordingly, the Court declines to remand the action pursuant to Sentence Six of section
24 405(g).

## V. CONCLUSION AND ORDER

26 After consideration of Plaintiff's and the Acting Commissioner's briefs and a thorough
27 review of the record, the Court finds that the ALJ's decision is supported by substantial evidence
28 and is therefore AFFIRMED.  The Clerk of this Court is DIRECTED to enter judgment in favor of

Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff.

IT IS SO ORDERED.

| Dated: **September 14, 2023** | /s/ *Sheila K. Oberto* |
|---|---|
| | UNITED STATES MAGISTRATE JUDGE |